# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the Untied States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
RICHARD C. GEARINGER

## DEFENDANTS
HONEYWELL INTERNATIONAL, F/K/A ALLIED SIGNAL, INC.,

Successor in interest to Bendix Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF NORTHAMPTON COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MORRIS COUNTY, NJ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

George A. Weber, Esquire
Law Offices of Peter G. Angelos, P.C.
60 West Broad Street
Suite 200
Bethlehem, PA 18018
610-866-3333

ATTORNEYS (IF KNOWN)

Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

(215) 575-4200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
(PLACE AN "X" IN ONE BOX DEFENDANT)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food&Drug | | |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21, USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |

0683260.01

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 9 151 | Medicare Act | | Liability | | Liability | 9 650 | Airline Regs | 9 830 | Patent | Corrupt Organizations |
| 9 152 | Recovery of Defaulted Student Loans | 9 340 9 345 | Marine Marine Product | **PERSONAL PROPERTY** | | 9 660 | Occupational Safety/Health | 9 840 | Trademark | 9 810 Selective Service 9 850 Securities/Commmodities/ Exchange Customer Challenge 12 USC 3410 |
| 9 153 | (Excl. Veterans) Recovery of Overpayment of Veteran's Benefits | 9 350 9 355 | Liability Motor Vehicle Motor Vehicle | 9 370 9 371 9 380 | Other Fraud Truth in Lending Other Personal | 9 690 | Other **LABOR** | 9 861 | **SOCIAL SECURITY** HIA (1395ff) | 9 875 |
| 9 160 | Stockholders' Suits | | Product Liability | | Property Damage | 9 710 | Fair Labor | 9 862 | Black Lung (923) | 9 891 Agricultural Acts |
| 9 190 | Other Contract | 9 360 | Other Personal | 9 385 | Property Damage | | Standards Act | 9 863 | DIWC/DIWW (405(g)) | 9 892 Economic Stabilization Act |
| 9 195 | Contract Product Liability | | Injury | | Product Liability | 9 720 | Labor/Mgmt. Relations | 9 864 9 865 | SSID Title XVI RIS (405(g)) | 9 893 Environmental Matters 9 894 Energy Allocation Act |
| | **REAL PROPERTY** | | **CIVIL RIGHTS** | | **PRISONER PETITIONS** | 9 730 | Labor/Mgmt. Reporting & Disclosure Act | | **FEDERAL TAX SUITS** | 9 895 Freedom of Information Act |
| 9 210 | Land Condemnation | 9 441 | Voting | 9 510 | Motions to Vacate | | | 9 870 | Taxes (U.S. Plaintiff | 9 900 Appeal of Fee Determination Under Equal Access to Justice |
| 9 220 | Foreclosure | 9 442 | Employment | | Sentence | 9 740 | Railway Labor | | or Defendant) | |
| 9 230 9 240 | Rent Lease & Ejectment Torts to Land | 9 443 | Housing/ Accommodations | 9 530 9 540 | Habeas Corpus Mandamus & Other | 9 790 | Act Other Labor | 9 871 | IRS - Third Party 26 USC 7609 | 9 950 Constitutionality of State Statutes |
| 9 245 | Tort Product Liability | 9 444 | Welfare | 9 550 | Civil Rights | | Litigation | | | |
| 9 290 | All Other Real Property | 9 440 | Other Civil Rights | | | 9 791 | Empl. Ret. Inc. Security Act | | | X 890 Other Statutory Actions |

**VI.   CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY.)

28 USC §1452(A) §1334(B) and Federal Bankruptcy Rule 9027

**VII.   REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A **CLASS ACTION**   **DEMAND $**   Check YES only if demanded in complaint:
9 UNDER F.R.C.P. 23   **JURY DEMAND:**   9 YES   9 NO

**VIII.   RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE  N/A   DOCKET NUMBER   N/A

DATE                    SIGNATURE OF ATTORNEY OF RECORD

*FOR OFFICE USE ONLY*
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE _____ MAG. JUDGE _____

0683260.01

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Richard C. Gearinger, Sr., 902 Butler Rd., Easton, PA 18042
Address of Defendant: Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962
Place of Accident, Incident or Transaction: Asbestos Exposure in Pennsylvania and elsewhere
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?     Yes X     No G

*RELATED CASE IF ANY*

Case Number: N/A     Judge N/A     Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    1.    Yes G  No G

2. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    3.    Yes G  No G

4. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?    5.    Yes G  No G

CIVIL: (Place : in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. G Indemnity Contract, Marine Contract, and All Other Contracts
2. G FELA
3. G Jones Act—Personal Injury
4. G Antitrust
5. G Patent
6. G Labor-Management Relations
7. G Civil Rights
8. G Habeas Corpus
9. G Securities Act(s) Cases
10. G Social Security Review Cases
11. X All other Federal Question Cases (please specify) 28 USC §1452, 1334(b); Bankruptcy Rule 9027(a)(3)

B. *Diversity Jurisdiction Cases:*
1. G Insurance Contract and Other Contracts
2. G Airplane Personal Injury
3. G Assault, Defamation
4. G Marine Personal Injury
5. G Motor Vehicle Personal Injury
6. G Other Personal Injury (Please specify)
7. G Products Liability
8. G Products Liability—Asbestos
9. G All Other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Peter J. Neeson, Esquire , counsel of record do hereby certify:

X Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

G Relief other than monetary damages is sought.

DATE: _____    **Peter J. Neeson, Esquire**    27601
                          **Attorney-at-Law**           Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    27601
                          **Attorney-at-Law**           Attorney I.D. #

CIV. 609(9/99)

0683260.01

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Richard C. Gearinger, Sr., 902 Butler Rd., Easton, PA 18042

Address of Defendant: Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962

Place of Accident, Incident or Transaction: Asbestos Exposure in Pennsylvania and elsewhere
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes **X**   No G

*RELATED CASE IF ANY*

Case Number: N/A   Judge N/A   Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes G  No G

2. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes G  No G

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?   Yes G  No G

CIVIL: (Place : in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. G  Indemnity Contract, Marine Contract, and All Other Contracts
2. G  FELA
3. G  Jones Act—Personal Injury
4. G  Antitrust
5. G  Patent
6. G  Labor-Management Relations
7. G  Civil Rights
8. G  Habeas Corpus
9. G  Securities Act(s) Cases
10. G  Social Security Review Cases
11. X  All other Federal Question Cases (please specify) 28 USC §1452, 1334(b); Bankruptcy Rule 9027(a)(3)

B. *Diversity Jurisdiction Cases:*
1. G  Insurance Contract and Other Contracts
2. G  Airplane Personal Injury
3. G  Assault, Defamation
4. G  Marine Personal Injury
5. G  Motor Vehicle Personal Injury
6. G  Other Personal Injury (Please specify)
7. G  Products Liability
8. G  Products Liability—Asbestos
9. G  All Other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Peter J. Neeson, Esquire, counsel of record do hereby certify:

**X**  Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

G  Relief other than monetary damages is sought.

DATE: _____   **Peter J. Neeson, Esquire**   27601
                     **Attorney-at-Law**             Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   27601
                     **Attorney-at-Law**         Attorney I.D. #

CIV. 609(9/99)

0683260.01

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

RICHARD C. GEARINGER                  :
         v.                                      :
                                                                              :  Civil Action:  02-4097
HONEYWELL INTERNATIONAL, INC.         :
f/k/a ALLIED SIGNAL, INC., Successor  :
in interest to BENDIX CORPORATION,    :
et al.                                :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Manage Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

    (a)  Habeas Corpus -- Cases brought under 28 U.S.C. § 2441 through § 2255     (  )

    (b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   (  )

    (c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.   (  )

    (d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   (  )

    (e)  Special Management -- Cases that do not fall into tracts (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)( **X** )

    (f)  Standard Management -- Cases that do not fall into any one of the other tracks. (  )

_____                              Attorney-at-law
(Date)                                                Attorneys for Defendant Honeywell
                                                                                 International, Inc., f/k/a Allied
                                                                                 Signal as successor in interest to
                                                                                 Bendix Corporation

0683260.01

| | |
|---|---|
| **RAWLE & HENDERSON** LLP | |
| BY:   PETER J. NEESON, ESQUIRE | ATTORNEYS FOR DEFENDANT, |
|            STEWART R. SINGER, ESQUIRE | HONEYWELL INTERNATIONAL, |
|            JOHN C. McMEEKIN II, ESQUIRE | INC., F/K/A ALLIED SIGNAL, INC., |
| ATTORNEY I.D. NO. 27601/62006/81250 | SUCCESSOR-IN-INTEREST TO |
| THE WIDENER BUILDING | BENDIX CORPORATION |
| ONE SOUTH PENN SQUARE | |
| PHILADELPHIA, PA 19107 | |
| (215) 575-4200 | |
| R&H File No.: 516,225(Angelos) | |

UNITED STATES DISTRICT COURT
**[EASTERN DISTRICT]**

| | |
|---|---|
| RICHARD C. GEARINGER       : | |
|                                                     : | |
|         v.                                       : | |
|                                                     : | |
| HONEYWELL INTERNATIONAL, INC.  : | Civil Action No.: 02-4097 |
| f/k/a ALLIED SIGNAL, INC., Successor   : | |
| in interest to BENDIX CORPORATION   : | |

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1452
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

TO:     ALL PARTIES ON ANNEXED SERVICE LIST

Honeywell International, Inc., f/k/a Allied Signal, Inc., ("Honeywell"), as successor in interest to the Bendix Corporation ("Bendix"), by and through its undersigned counsel, Rawle & Henderson LLP, hereby gives notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims that have been asserted against Honeywell in the action captioned <u>Richard C. Gearinger v. Allied Signal, et al</u>, now pending in the Common Pleas Court of the State of Pennsylvania, County of Northampton, with 2002 June Court Term and Number C0048AB2002000374.  This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, and as grounds  for such removal Honeywell respectfully states as follows:

0683260.01

1. On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc. (collectively "Federal-Mogul") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, commencing bankruptcy case number 01-10578.

2. The above referenced state action, which is "related to" the removed claims, was commenced on June 4, 2002, by the filing of a Summons & Complaint in the Court of Common Pleas of Northampton County.

3. The removed claims are for personal injury or wrongful death asserted against Honeywell. Honeywell, formerly known as Allied Signal Inc., is the successor in interest to Allied Corporation which, in turn, was the successor in interest to The Bendix Corporation. The Automotive Sector of Allied Signal Inc. was the business unit within Allied Signal Inc. which continued the "Bendix" line of automotive friction products.

4. Federal-Mogul, or companies acquired by Federal Mogul Global, Inc., are named as co-defendants of Honeywell in this action.

5. The plaintiff(s) in the above referenced action have asserted that joint and several liability arises as to each named co-defendant in this action.

6. As a result, in the above referenced action Honeywell has either affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law.

7. Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

8. The above referenced claims for personal injury asserted against Honeywell, as well as the cross-claims asserted by Honeywell and the corresponding cross-claims asserted by Federal-Mogul, may be removed to this Court pursuant to 28 U.S.C. § 1452(a). Removal of these claims is proper because the removed claims are: asserted in a civil action; not exempt from removal; and this Court has subject matter jurisdiction over the removed claims pursuant to

0683260.01

28 U.S.C. §1334 due to the fact that these cross-claims asserted by and against Honeywell are "related to" Federal-Mogul's bankruptcy proceeding. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996) (holding that Section 1334(b) "related to" subject matter jurisdiction exists over actions for indemnification and contribution claims asserted by non-debtor co-defendants against the debtor).

9. Removal to this Court is timely pursuant to Rule 9027 (a)(3) of the Federal Rules of Bankruptcy Procedure in that the claims in the civil action are "related to" the October 1, 2001, Federal-Mogul bankruptcy case, and this Notice has been filed within thirty days after: (1) receipt of the initial pleading setting forth the claim or cause of action sought to be removed, or (2) receipt of the summons, if the initial pleading has been filed with the court but not served with the summons.

10. Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

11. Upon removal, the proceedings with respect to the removed claims are non-core. Honeywell does not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

12. On December 17, 2001, Honeywell filed a Motion to Transfer, pursuant to 28 U.S.C. § 157 (b)(5) (the "Transfer Motion"), with the United States District Court for the District of Delaware asking that Court to issue a provisional order to transfer the above referenced removed claims for a consolidated resolution of the threshold scientific question, by means of a Daubert hearing, whether the plaintiffs in the underlying actions can establish that automotive friction products containing encapsulated asbestos fibers can be the proximate cause of certain asbestos-related medical disorders. See 28 U.S.C. § 157(b)(5) (1994); Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); In re Dow Corning Corp., 86 F.3d at 496-97 (holding that 28 U.S.C. § 157(b)(5) vests the power to fix venue over personal injury or wrongful

0683260.01

death actions pending against non-debtor co-defendants which are "related to" a debtor's bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b), with the district court where the bankruptcy case resides). See Exhibit "A."

13.     On December 19, 2001 the Honorable Alfred M. Wolin of the United States District Court for the District of Delaware issued an Order in favor of Honeywell that: (1) partially withdrew the reference; and (2) provisionally transferred the Friction Product claims to the United States District Court for the District of Delaware, (the "Provisional Order"), subject to further Orders of that Court. See Exhibit "B."

14.     On January 4, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Clarification Order"), that clarified the Provisional Order by extending the provisional transfer of Friction Product claims to include claims that would have been subject to the Provisional Order, but had not yet been removed on the date of the Provisional Order. See Exhibit "C."

15.     On February 8, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Remand Order"), granting plaintiffs' Motion for Remand. See Exhibit "D."

16.     On February 11, 2002 the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit issued an Order temporarily granting an Emergency Motion for Stay (the "Stay Order"), pending appeal of the Remand Order by appellants. See Exhibit "E."

17.     On March 19, 2002, the Honorable Anthony J. Scirica of the United States District Court of Appeals for the Third Circuit issued an Order (the "Stay Clarification Order"), that clarified that the Stay Order issued on February 11, 2002 applies to all appellants and to all removed claims before the Delaware District Court. See Exhibit "F."

18.     On March 25, 2002, Chief Judge Becker of the Third Circuit Court of Appeals issued an order establishing a briefing schedule and set June 17, 2002, as the date to hear oral argument on the appeal (the "Scheduling Order"). See Exhibit "G."

0683260.01

19. A copy of the Scheduling Order also provides that "[t]he temporary stay entered by this Court on February 11, 2002, as clarified by the Order of March 19, 2002, will remain in effect until further order of the merits panel." See Exhibit "G."

20. Honeywell respectfully submits that the effect of the stay pending appeal is to leave in place the previous transfer orders issued by the Delaware District Court. Because the Remand Order has been stayed, the Delaware District Court's provisional transfer order is still the operative order, and all claims removed by Honeywell continue to be provisionally transferred automatically to Delaware.

21. Accordingly, pursuant to Judge Weiner's Order dated April 12, 2002 (the "Abstention/Remand Order") "all pending motions for abstention and remand are denied without prejudice . . . [t]he cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issyes by Judge Wolin and any subsequent appeals thereto." See Exhibit "H."

22. A copy of this Notice of Removal and related documents have been served by regular mail on counsel of record for all represented parties and upon all unrepresented parties to the action pending in state court.

              Respectfully submitted,
              **RAWLE & HENDERSON** LLP


           By:_____
             Peter J. Neeson, Esquire
             Stewart R. Singer, Esquire
             John C. McMeekin II, Esquire

0683260.01

                                                Honeywell International, Inc., f/k/a Allied Signal as successor in interest to Bendix Corporation

Dated:

0683260.01

## CERTIFICATION OF STATE COURT
## RECORDS, PLEADINGS AND PROCEEDINGS

      I, Peter J. Neeson, Esquire; Stewart R. Singer, Esquire; John C. McMeekin, Esquire; of full age, certify that on this day, we attached to the Notice of Removal as Exhibit "I", a copy of all of the appropriate records, pleadings and proceedings in the State Court as requested by this Court.

                                                 Respectfully submitted,

                                                 **RAWLE & HENDERSON LLP**

                                    By:_____
                                        Peter J. Neeson, Esquire
                                        Stewart R. Singer, Esquire
                                        John C. McMeekin II, Esquire
                                        Honeywell International, Inc., f/k/a Allied
                                              Signal as successor in interest to
                                        Bendix Corporation

Dated:

0683260.01

## **CERTIFICATION OF SERVICE**

I, Peter J. Neeson, Esquire/Stewart R. Singer, Esquire/John C. McMeekin II, Esquire, of full age, hereby certify that on this day, I caused a true and correct copy of Defendant's Notice to Remove Pursuant to 28 U.S.C. 1452 of the United States Code and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure to be served on all counsel listed below as follows.

**VIA HAND DELIVERY**

George A. Weber, III, Esquire
LAW OFFICES OF PETER G. ANGELOS, P.C.
60 W. Broad Street, Suite 200
Bethlehem, PA 18018
**Attorney for Plaintiff**

Edward J. Wilbraham, Esquire
Wilbraham, Lawler & Buba
Suite 3100, 1818 Market Street
Philadelphia, PA 19103
**Attorney for Amchem Products, Inc. and Foseco, Inc.**

Joel D. Gusky, Esquire
Harvey, Pennington, Herting & Renneisen, Ltd.
1835 Market Street, 29th Floor
11 Penn Center Plaza
Philadelphia, PA 19103
**Attorney for B.F. Goodrich**

John McShea, Esquire
McShea Tecce
1735 Market Street
26th Floor
Philadelphia, PA 19103
**Attorney for Viacom, Inc.**

Alan Klein, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for Clayton, Dubilier & Rice**

Robert P. Corbin, Esquire

0683260.01

German, Gallagher & Murtagh
The Bellevue
200 S. Broad Street, Suite 500
Philadelphia, PA 19102
**Attorney for Cooper Industries**

Joseph R. Glancy, Esquire
Stack & Stack
1600 Locust Street
Philadelphia, PA 19103
**Attorney for Crown, Cork & Seal**

Christine O. Boyd, Esquire
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street, 12th Floor
Philadelphia, PA 19106
**Attorney for Daimler Chrysler Corporation and General Motors Corporation**

Thomas Coleman, Esquire
Kent & McBride, PC
Two Logan Square, Suite 600
18th and Arch Streets
Philadelphia, PA 19103
**Attorney for Ferro Engineering**

Mark Lipowicz, Esquire
Duane Morris LLP
4200 One Liberty Place
Philadelphia, PA 19103
**Attorney for Ford Motor Company**

E. Michael Keating, III, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein
Suite 1602
1608 Walnut Street
Philadelphia, PA 19103
**Attorney for General Electric**

Daniel J. Ryan, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA 19103
**Attorney for The Goodyear Tire & Rubber Company**

Jeffrey L. Pettit, Esquire

0683260.01

Phelan, Pettit & Biedrzycki
The North American Building
121 South Broad St., Suite 1600
Philadelphia, PA 19107
**Attorney for Halliburton Technical Services, Inc.**

Thomas E. Seus, Esquire
McGivney, Kluger & Gannon, P.C.
1429 Walnut Street, 11th Floor
Philadelphia, PA 19102
**Attorney for Hercules Chemical Company, Inc.**

Richard Foltz, Jr., Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
**Attorney for Lac d'Amiante du Quebec, Ltee.**

C. James Zeszutek, Esquire
Thorp, Reed & Armstrong
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA 15219-1425
**Attorney for Pfizer, Inc.**

Steven B. Kantrowitz, Esquire
Kantrowitz & Phillippi, LLC
1500 Centre Square West
1500 Market Street
Philadelphia, PA 19102
**Attorney for Pneumo Abex Corporation**

Tracey M. McDevitt, Esquire
Reilly, Janiczek & McDevitt, P.C.
The Widener Building, Suite 520
One South Penn Square
Philadelphia, PA 19107
**Attorney for Premier Refractories, Inc.**

Richard C. Polley, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
**Attorney for Rapid American**

Bruce S. Haines, Esquire

0683260.01

Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for Uniroyal, Inc.**

John J. Dugan, Esquire
Wolf Block Schorr and Solis-Cohen, LLP
1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003
**Attorney for Universal Refractories, Inc.**

                                      Respectfully submitted,
                                      **RAWLE & HENDERSON LLP**

                       By:____
                              Peter J. Neeson, Esquire
                              Stewart R. Singer, Esquire
                              John C. McMeekin II, Esquire
                              Honeywell International, Inc., f/k/a Allied
                                  Signal as successor in interest to
                                  Bendix Corporation

Dated:

0683260.01